# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHANE KIDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-969 RLW |
| DAS ACQUISITION COMPANY, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This removed matter is before the Court on Plaintiff Shane Kidwell's Motion to Remand. (ECF No. 10). Defendant DAS Acquisition Company, LLC, opposes the Motion. (ECF No. 13). For the reasons below, the Motion will be granted.

### Background

Plaintiff filed this action with the Circuit Court of St. Louis County, Missouri, on August 2, 2021. (ECF No. 6). Defendant DAS removed the case two days later, prior to being served in the matter. (ECF No. 1). In his Complaint, Plaintiff asserts a breach of contract claim arising from his Separation Agreement with Defendant DAS. *Id.* In the alternative, Plaintiff asserts a claim of unjust enrichment. *Id.* Plaintiff seeks an equitable accounting to determine the amounts allegedly due to him under the Separation Agreement. *Id.* Defendant further seeks pre- and post-judgment interest, costs, and attorney's fees. *Id.*

### Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The party seeking removal and opposing remand has the burden of establishing federal subject

matter jurisdiction by a preponderance of the evidence. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020). A court must resolve all doubts about federal jurisdiction in favor of remand to the state court. *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020).

A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists to protect out-of-state litigants from local prejudices. *See* 16 James Wm. Moore, et al., *Moore's Federal Practice*, § 107.55[1] (3d ed. 2021). For that reason, the forum defendant rule—codified at 28 U.S.C. § 1441(b)(2)—prohibits removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The statute's "joined and served" language "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal" by out-of-state defendants. *Perez v. Forest Lab'ys, Inc.*, 902 F. Supp. 2d 1238, 1245 (E.D. Mo. 2012).

**Discussion**

The parties do not dispute diversity of citizenship: Plaintiff is a citizen of Washington and Defendant is a citizen of Missouri. In his Motion to Remand, Plaintiff argues that pre-service removal by a forum defendant—commonly referred to as a "snap removal"—violates the forum defendant rule and undermines the purpose of diversity jurisdiction. (ECF No. 11) (*citing Perez v. Forest Labs., Inc.,* 902 F.Supp.2d at 1245-46). Plaintiff further contends that the forum defendant rule requires that at least one defendant be served before removal. *Id.* (citing *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014)). Defendant, on the other hand, argues that the plain language of 28 U.S.C. § 1441(b) precludes remand because Defendant

2

was not "joined and served" when it removed the case. (ECF No. 13) (citing *Taylor v. Cottrell, Inc.*, No. 4:09-CV-536 HEA, 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009); *Johnson v. Precision Airmotive, LLC*, No. 4:07-CV-1695 CDP, 2007 WL 4289656, at *6 (E.D. Mo. Dec. 4, 2007)).

Although the Eighth Circuit has not addressed the propriety of snap removals, the Eastern District of Missouri has taken three different approaches: (1) permitting snap removals based on the plain language of the statute, *see, e.g.*, *Tillman v. BNSF Ry. Co.*, No. 1:20-CV-178 SNLJ, 2021 WL 842600, at *3 (E.D. Mo. Mar. 5, 2021); (2) remanding snap removals because they are inconsistent with the legislative intent behind the forum defendant rule and the purpose of removal, *see, e.g.*, *Laster v. Monsanto Co.*, No. 4:18-CV-397 CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018); and (3) allowing snap removals only when at least one defendant has been served, based on a construction of the word "any" in § 1441(b)(2), *see, e.g.*, *Rogers*, 13 F. Supp. 3d at 978. *Tillman*, 2021 WL 842600, at *2 (collecting cases).

This Court has recognized that "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." *Perez*, 902 F.Supp.2d at 1244. The ease and accessibility of online dockets enables litigants to monitor court filings and remove matters before being served. This "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Id.* at 1243. When the "joined and served" language was added to § 1441(b) in 1948, "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by . . . electronically monitoring state court dockets." *Id.* (quoting *Sullivan v. Novartis Pharms. Corp.*, 575 F.Supp.2d 640, 645-46 (D.N.J. 2008)).

In *Hensley v. Forest Pharm., Inc.*, this Court held that strict adherence to the language of § 1441(b) would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum defendant rule. *Hensley v. Forest Pharms., Inc.*, 21 F. Supp. 3d 1030, 1035-36 (E.D. Mo. 2014). The Court applied similar reasoning more recently in *Bailey v. Monsanto* and *Laster v. Monsanto. See Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 858 (E.D. Mo. 2016) and *Laster*, 2018 WL 1566846, at *3; *but see, e.g., Rogers*, 13 F. Supp. 3d at 977 (holding that the plain language of the statute must be followed but recognizing an exception for the "egregious" scenario where a defendant has "hawked" the state court docket and removed a case before service to any defendant has occurred).

This Court adopts the *Hensley* approach. To apply the "properly joined and served" language blindly when defendants can learn of lawsuits long before formal service "is to eviscerate the purpose of the forum defendant rule." *Sullivan*, 575 F.Supp.2d at 647. And even if this Court adopted the reasoning in *Rogers*, the facts here constitute an "egregious" scenario where the sole defendant is a forum state defendant. Removal by such a defendant clearly contravenes the rationale underlying the forum defendant rule. *Perez*, 902 F.Supp.2d at 1244.

## Conclusion

For the foregoing reasons, the Court concludes that Defendant DAS has failed to show by a preponderance of the evidence that this Court has subject matter jurisdiction. This action will be remanded to the Circuit Court of St. Louis County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of November, 2021.